Filed 10/29/25  P. v. Miller CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. DOUGLAS JAY MILLER, Defendant and Appellant. | G064549 (Super. Ct. Nos. RIF2204370, RIF2302532) O P I N I O N |

Appeal from a judgment of the Superior Court of Riverside County, Samah Shouka, Judge. Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve

Oetting and Kristen Ramirez, Deputy Attorneys General, for Plaintiff and Respondent.

* * *

After a jury convicted Douglas Jay Miller of numerous crimes, he was sentenced to a total of 16 years in prison, which included seven terms for firearm enhancements. Miller appeals, contending all but one of the firearm enhancements must be dismissed pursuant to recent changes to sentencing laws. We conclude his claim of sentencing error is forfeited because he failed to object below. Even if not forfeited, we conclude he is not entitled to mandatory dismissal of any firearm enhancement. Accordingly, we affirm.

STATEMENT OF THE CASE

Because Miller only raises a pure legal issue relating to his sentencing, we briefly summarize the relevant facts.

On February 5, 2024, in Riverside County Superior Court case number RIF2302532, a jury found Miller guilty of six counts of burglary and one count of attempted robbery, and found true seven firearm enhancements.

On February 26, in Riverside County Superior Court case number RIF2204370, a jury found Miller guilty of assault and battery, and found true a great bodily injury enhancement.

In a joint sentencing hearing on April 26, 2024, the trial court imposed a total sentence of 16 years in prison. The sentence included a one-year term for a firearm enhancement under Penal Code section 12022.7, subdivision (a)(1), plus six four-month terms for the remaining six firearm enhancements.[1]

---

[1] All further statutory references are to the Penal Code, unless stated otherwise.

DISCUSSION

Senate Bill No. 81 added subdivision (c) to section 1385. (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1.) (Senate Bill 81). Section 1385, subdivision (c)(1) provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute."

Section 1385, subdivision (c)(2) provides: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." Subdivisions (c)(2)(A) through (I) list specific factors for dismissal of enhancement allegations. Subdivision (c)(2)(B) provides: "Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement *shall* be dismissed." (Italics added.)

The changes made to section 1385 "apply to all sentencing occurring after January 1, 2022." (§ 1385, subd. (c)(7).)

Miller argues the mandatory language of section 1385, subdivision (c)(2)(B) compels the sentencing court to dismiss all but one of his firearm enhancements. We disagree for several reasons.

First, Miller did not object to his sentencing based on Senate Bill 81 below, even though the sentencing hearing was held more than a year after Senate Bill 81 became effective. Thus, he forfeited his sentencing challenge. (See, e.g., *People v. Scott* (1994) 9 Cal.4th 331, 353 ["We conclude

that the waiver doctrine should apply to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices"]; *People v. Coleman* (2024) 98 Cal.App.5th 709, 724 ["Defendant's claim is forfeited for failure to request that the trial court strike the enhancements under section 1385" at his sentencing hearing, held four months after the enactment of Senate Bill 81].)

Even if not forfeited, we would reject Miller's interpretation of section 1385, subdivision (c)(2)(B). Miller cites no case directly supporting his position, and spends the majority of his brief distinguishing numerous cases that have held to the contrary. (See, e.g., *People v. Cota* (2023) 97 Cal.App.5th 318, 337 ["The phrase 'shall be dismissed,' as used in section 1385, subdivision (c)(2)(B) is not mandatory and does not require dismissal of any enhancement when doing so would endanger public safety"]; *People v. Anderson* (2023) 88 Cal.App.5th 233, 239 ["This language, taken together, explicitly and unambiguously establishes: the trial court has discretion to dismiss sentencing enhancements; certain circumstances weigh greatly in favor of dismissal; and a finding of danger to public safety can overcome the circumstances in favor of dismissal"].) More important, the plain statutory language provides the mandatory nature of the dismissal is conditioned by the requirement that dismissal would be "in the furtherance of justice." (§ 1385, subd. (c)(1).) Additionally, in determining whether dismissal of an enhancement is "in the furtherance of justice," the trial court exercises its "discretion." (*Id.*, subd. (c)(2) ["In exercising its discretion"]; *id.*, subd., (c)(3) ["court may exercise its discretion at sentencing" or "exercis[e] its discretion before, during, or after trial or entry of plea"].) Thus, the sentencing court has discretion to not dismiss any of the enhancements if not in the interest of justice.

DISPOSITION

The judgment is affirmed.


                                    DELANEY, ACTING P. J.


WE CONCUR:


SCOTT, J.


BANCROFT, J.*


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.